WILLIAM ROBERTSON, Trustee, *vs.* MARY G. DEMOSS, Administratrix.

In this state a judgment is only entitled to satisfaction over other debts, when it operates as a lien, or can be enforced by execution against the estate of the deceased, and this is more an advantage which the law gives the creditor than a duty required of the executor or administrator, to pay the judgment in preference to other claims. *Held*, that the lien is confined to such property as is liable to levy execution and sale.

No right to prior satisfaction over other creditors exists out of the assets not liable to execution, and whenever the lien and the creditor's right to enforce his judgment by execution ceases, the right to prior satisfaction ceases; and a judgment against a deceased person is only in a state of presentation by constructive notice, while it operates as a lien on the estate, or can be made available by execution. *Held*, that this constructive notice, which is the mere creature of necessity for certain purposes, is of no force after the judgment becomes inoperative, for it is then as if it had never existed.

A judgment is certainly treated as a claim by our statute; so, when a judgment has become dormant, and judicial action is necessary to give it life and force, *held*, that any defence on account of matter arising after the recovery, can be made which would be proper in any other action, and that the presentment of the judgment to the administratrix was necessary.

It never was the intention of the legislature by the passage of the act of limitations of 1846, relative to the presentation of claims against the estate of decedents, to change the principles of the old statute on that subject, but only to change the period of time, within which claims must be presented against the estates of decedents. *Held*, that it certainly was not the intention of the legislature, by the act of limitations, to leave any class of cases or administrators out of the operation of one or the other of the said statutes; and if a case should arise not provided for in the law, the court must presume the legislature intended to include it in one of the acts.

This case must be governed by the statute of limitations in force at the time publication was made. *Held*, that the defence made by the pleas was sufficient in law.

IN error from circuit court of Hinds county; Hon. George Coalter, judge.

The facts of the case were sufficiently stated in the opinion of the court.

*George L. Potter*, for appellant.

*C. R. Clifton*, for Demoss, administratrix, appellee.

*Miles & Anderson*, for appellees.

*Johnston & Sloan*, on the same side.

Mr. Justice FISHER delivered the opinion of the court.

This was a *scire facias*, issued by the plaintiff in error, as trustee, appointed by the circuit court of Adams county, Miss., on pronouncing judgment of forfeiture against the Commercial Bank of Natchez, under the statute of 1843, to revive a judgment recovered by said bank at the July term, 1843, of the circuit court of Hinds county against William C. Demoss and others.

It appears from the record, that Demoss having died, the probate court of Hinds county, on the 3d of August, 1843, granted letters of administration to Mary G. Demoss, who in due time made publication, notifying all persons having claims against the deceased to present them in the time prescribed by law; which notice appears to have expired on the 25th of October, 1845. These facts appear by the pleadings of the defendant, together with the further fact, that the judgment sought to be revived had not been presented to the adminis- trator in eighteen months after the last publication of the notice. To the several pleas containing these facts, the plaintiff demurred, and the court, in rendering judgment on the demurrer, extended it to the *scire facias*, which was dismissed.

The only questions presented by the facts, as well as the argument of counsel, are, Whether the judgment was such a claim within the meaning of the statute as should have been presented to the administratrix; and whether presentment being necessary, it should have been made in eighteen months after

publication of notice, the plaintiff being a resident of the state.

By the common law, an executor or administrator was bound to take notice of a judgment against the deceased in one of the courts of record, at his peril. The judgment being a debt of record, on account of its superior dignity, had to be paid before specialty, or simple contract debts.

In this state, however, a judgment is only entitled to a priority of satisfaction over other debts, when it operates as a lien, or can be enforced by execution against the estate of the deceased; and this is more an advantage which the law gives the creditor than a duty required of the executor or administrator to pay the judgment in preference to other claims. The lien is confined to such property as is liable to levy and sale under execution. No right over other creditors exists, to prior satisfaction out of the assets not liable to the execution. Whenever the lien and the creditor's right to enforce his judgment by execution ceases, the right to prior satisfaction also ceases. It may then be stated that a judgment against a deceased person is only in a state of presentation, by constructive notice, while it operates as a lien on the estate, or can be made available by execution. But this constructive notice, which is the mere creature of necessity and for certain purposes, is of no force after the judgment becomes inoperative ; it is then as if it had never existed.

But the language of the statute is too broad and comprehensive to admit of doubt. It says, that " all claims " shall be presented, &c. See Hutch. Code, 691, sec. 115. A judgment is certainly " a claim," and is so treated in the 90th section of the same statute. When a judgment has become dormant, and judicial action, either by *scire facias* or action of debt, is necessary to give it life and vigor, any defence on account of matter arising after the recovery, can be made, which would be proper in any other action. We are therefore of opinion, that a presentment to the administratrix of the judgment was necessary.

The next question is, as to the time within which this presentment should have been made, and we frankly admit that

this question is not free from embarrassment. It depends upon the construction of the act of 1846, which is in these words: " So much of the law to which this is an amendment, as allows to creditors of an estate resident within this state, eighteen months, and to non-resident creditors three years, within which to present their claims against said estate, is hereby repealed; and hereafter all claims against the estate of a deceased person shall be presented to the executor or to the administrator thereof, within two years after advertisement of the grant of letters testamentary, or of administration, or they shall be barred." Hutch. Code, 681.

The single question to be determined is, Whether the old statute, as to administrations granted or publications made before the passage of the act of 1846, is in force ? It is true, that the word " repeal" is used in the last statute, but it is in truth nothing more than an amendment. The old law is amended by increasing the time six months as to resident, and reducing it twelve months as to non-resident creditors. With these changes the law is as it was before the statute of 1846, with perhaps another change as to the persons to whom claims were to be presented. The old statute authorized a presentment to a collector. The new statute says presentment shall be made to the executor or administrator. From this it will be seen, that it was never intended by the legislature to interfere with the principle of the old law, as a law of limitations fixing the time in which claims should be presented against estates. It certainly was further the intention of the legislature to leave no class of cases or administrations, without the operation of one or the other of said statutes. If a case shall appear not to have been provided for in the new act, must we not presume that the legislature intended it to be governed by the previous act ?

Does the case now before the court come under the operation of the last statute which says, " Hereafter claims shall be presented in two years from publication," &c. ? This language, though not perfectly clear, appears to contemplate a publication after the passage of the law. If so, it refers also to an administration thereafter to be granted. It cannot for a mo-

ment be supposed, that the legislature intended to embrace in the law, administrations granted or publication made before its passage, as such legislation would have the effect of defeating claims of non-resident creditors, in all cases where the two years had expired before the passage of the law ; and would, if constitutional, have the like effect of reviving a claim of a resident creditor, where the eighteen months, but not the two years, had elapsed.

Without extending our reasoning farther, we give *it* as our opinion that the case now before us must be governed by the statute in force at the time publication was made, and that the defence made by the pleas was sufficient in law.

Judgment of the court dismissing the *scire facias* is reversed, the demurrer to the pleas overruled, and leave given the plaintiff to reply in the court below.

YERGER, judge, having been of counsel for Runnels in the court below, gave no opinion.